**Electronically Filed
Intermediate Court of Appeals
29553
22-FEB-2013
08:23 AM**

NO. 29553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HIROKAZU NAKAJIMA,
Plaintiff/Cross-Defendant/Appellant,
v.
AKI NAKAJIMA,
Defendant/Cross-Plaintiff/Appellee


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DIVORCE NO. 05-1-0587)


ORDER DISMISSING APPEAL
(By:  Foley, J. and Fujise, J., with
Nakamura, C.J. dissenting)


        Plaintiff/Cross-Defendant/Appellant Hirokazu Nakajima
(Hirokazu) appeals from various orders entered in the Family
Court of the Second Circuit[1] (family court) arising from a
divorce matter involving Defendant/Cross-Plaintiff/Appellee Aki
Nakajima (Aki).

        Hirokazu raises the following points on appeal:

        1.    The family court erred in finding Avalon Cove
              to be a marital asset.

---

[1]    The Honorable Keith E. Tanaka presided.

2.    The family court erred in awarding Aki one-half (½) of a conjectural increase in Hirokazu's shareholder equity in Avalon Cove when no evidence was submitted by either party during the course of the trial that any such increase occurred.

3.    The family court erred in directing the parties to submit written real estate appraisals of the Setagaya and Meguro properties for the family court's in camera selection without further hearing or opportunity for the parties to examine the authors of said appraisals.

4.    The family court erred in not conducting an evidentiary hearing to determine the value of Avalon Cove as of the date of marriage.

5.    The family court erred in allowing a Japanese translator to testify based on translations prepared after the May 6, 2008 trial.

6.    The family court erred in its FOF No. 40.

7.    The family court erred in denying Hirokazu's Request for Protective Order for documents relating to Avalon Cove over which he had no control or possession, without finding whether Hirokazu had the ability to obtain these documents and erred in awarding sanctions against him for failing to provide these documents.

8.    The family court erred by ordering Hirokazu to pay Aki's attorney's fees and costs incurred in legitimating her immigration status and obtaining an authorization card when that issue was not a trial issue nor a property division as specified by law.

9.    The family court erred by ordering the division of the Ameritrade security account as retirement.

10.   The family court erred in making a decision regarding property in Japan, which was a question of foreign law, without first determining the issue of foreign law.

11.  The family court erred when it issued a garnishment order when a judgment for sums had not been issued by the court.

12.  The family court erred in its FOFs 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 41, 42, 43, 44 and 53.

In family court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]"  Hawaii Revised Statutes (HRS) § 571-54 (2006 Repl.).  In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]"  HRS § 641-1(a) (1993 & Supp. 2012).

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts.  Black v. Black, 6 Haw. App. 493, 728 P.2d 1303 (1986).  In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2),(3), and (4) remain undecided; that parts (2),(3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2),(3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is final decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted).  The June 24, 2008 divorce decree appears to satisfy the requirements of appealability, because the June 24, 2008 divorce decree (1) dissolved the marriage between Hirokazu and Aki, (2) acknowledged that Hirokazu and Aki had no children, (3) awarded no spousal support to either party, but acknowledged Hirokazu's binding promise to pay Aki's attorney's fees and costs

relating to her obtaining resident alien status in the United States, and (4) divided and distributed Hirokazu and Aki's property and debts. Therefore, the June 24, 2008 divorce decree is an appealable final decree that is appealable pursuant to HRS § 571-54. The orders that the family court entered prior to the June 24, 2008 divorce decree are eligible for appellate review by way of a timely appeal from the June 24, 2008 divorce decree, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (internal quotation marks and citation omitted).

Hirokazu did not file his December 26, 2008 notice of appeal within thirty days after entry of the June 24, 2008 divorce decree, as Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) requires. However, if we consider Hirokazu's July 7, 2000 Hawai'i Family Court Rules (HFCR) Rule 60(b) motion for clarification as an HFCR Rule 59 motion for reconsideration (despite Hirokazu's citation to HFCR Rule 60(b) rather than HFCR Rule 59),[2] then, pursuant to HRAP Rule 4(a)(3),[3] Hirokazu would

---

[2]     Under analogous circumstances in circuit court cases, we have "treated a motion for reconsideration brought under HRCP Rule 60(b) as a motion to alter or amend a judgment brought under HRCP Rule 59(e). "As a result, we held that the notice of appeal was timely brought because the motion for reconsideration . . . tolled the 30-day limitations period . . . to file the notice of appeal[.]" Simbajon v. Gentry, 81 Hawai'i 193, 196, 914 P.2d 1386, 1389 (App. 1996).

[3]     HRAP Rule 4(a)(3) provides:

>        (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed
>                                                        (continued...)

4

have extended the thirty-day deadline under HRAP Rule 4(a)(1) by the filing of his July 7, 2008 motion for clarification within ten days[4] after entry of the June 24, 2008 divorce decree, as HFCR Rule 59(e) requires for a motion for reconsideration.

When a party files a post-judgment motion, for the purpose of tolling the time period for filing a notice of appeal pursuant to HRAP 4(a)(3), "the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion." HRAP Rule 4(a)(3). The ninetieth day after July 7, 2008, was October 6, 2008.[5] Therefore, at the end of the day on October 6, 2008, Hirokazu's motion for reconsideration was deemed denied pursuant to HRAP Rule 4(a)(3). Hirokazu did not file his December 26, 2008 notice of appeal within thirty days after the October 6, 2008 as HRAP Rule 4(a) required. Therefore, even if Hirokazu's July 7, 2008 motion for reconsideration extended the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), Hirokazu's December 26, 2008 notice of appeal is not timely as to the June 24, 2008 divorce decree (and not timely as to any of the pre-decree interlocutory orders). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial

---

[3] (...continued)
shall constitute a denial of the motion.

(Emphases added.)

[4] The tenth calendar day after June 24, 2008, was Friday, July 4, 2008, which was a holiday. Therefore, HRAP Rule 26(a) extended the ten-day deadline under HFCR Rule 59(e) until Monday, July 7, 2008.

[5] The ninetieth calendar day after July 7, 2008, was Sunday, August 5, 2008, and, thus, HRAP Rule 26(a) extended the ninety-day time period under HRAP Rule 4(a)(3) until Monday, August 6, 2008.

discretion.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986).

Therefore,

IT IS HEREBY ORDERED THAT appellate court case number 29553 is dismissed as untimely.

DATED:  Honolulu, Hawai'i, February 22, 2013.

On the briefs:

Blake T. Okimoto
for Plaintiff/Cross-
Defendant/Appellant.

Junsuke Otsuka
for Defendant/Cross-
Plaintiff/Appellee.

Associate Judge

Associate Judge